**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TONY LOMELI CEJA, | ) | NO. CV 22-1636-FWS(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| MR. BIRKHOLZ, | ) | |
| Respondent. | ) | |

**PROCEEDINGS**

Petitioner, a federal prisoner, filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on March 10, 2022. The Petition seeks to challenge Petitioner's 2014 conviction in the Southern District of California for unlawful possession of a firearm and conspiracy to distribute methamphetamine. See Lomeli v. United States, 2019 WL 4534825 (S.D. Cal. Sept. 19, 2019).

On April 6, 2022, Respondent filed "Respondent's Motion to Dismiss or Transfer Petition for Writ of Habeas Corpus, etc." On

April 20, 2022, Petitioner filed a "Reply, etc."

**BACKGROUND**

On May 30, 2014, a jury in the Southern District of California found Petitioner guilty of unlawful possession of a firearm in violation of 18 U.S.C. section 922(g)(1) and conspiracy to distribute methamphetamine in violation of 18 U.S.C. sections 841(a)(1) and 846. See Lomeli v. United States, 2019 WL 4534825, at *1; Docket in United States v. Lomeli, United States District Court for the Southern District of California case number 3:12-cr-02791-JAH ("Petitioner's criminal case").[1]  The court sentenced Petitioner to a ten year prison term for the firearm possession and a concurrent term of 312 months for the drug offense, plus ten years' supervised release. See Lomeli v. United States, 2019 WL 4534825, at *1; Docket in Petitioner's criminal case.  The United States Court of Appeals for the Ninth Circuit affirmed the judgment on February 18, 2016.  See United States v. Lomeli, 637 Fed. App'x 358 (9th Cir. 2016).

On June 27, 2016, Petitioner filed in the sentencing court a "Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody," contending that Petitioner's sentence was unlawful under Johnson v. United States, 576 U.S. 591 (2015).  On January 7, 2019, Petitioner filed a "Motion for Leave to Amend Motion

---

[1]  The Court takes judicial notice of the docket and documents in Petitioner's criminal case, available on the PACER website at https://pacer.uscourts.gov.  See Porter v. Ollison, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (federal court may take judicial notice of court records).

2

Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in State Custody," seeking to add claims for alleged ineffective assistance of counsel and alleged denial of equal protection based on asserted evidentiary error. On January 31, 2019, the court granted Petitioner's motion to amend. On September 19, 2019, the court denied Petitioner's section 2255 motion, as amended. See Lomeli v. United States, 2019 WL 4534825 (S.D. Cal. Sept. 19, 2019).

In the meantime, on October 1, 2018, Petitioner filed in the sentencing court a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," challenging the conviction and sentence. See Docket in Lomeli v. United States, United States District Court for the Southern District of California case number 3:18-cv-228-JAH. This petition contained several confused allegations, including allegations that: (1) the petition was "NOT a 2255" but rather "a Full Satisfaction of Judgment"; (2) the criminal judgment had been "Accepted for Value and Returned for Value, in Exchange for a Complete Setlment [sic] and Closure of ALL Accounts"; (3) the federal government had violated the Constitution by "Replac[ing] The American Monetary System with Worthless Securities"; and (4) legal documents were "Accepted for Value, Claimed and Liened at a Sum Certain of $900,000,000,000.00 USD" in accordance with the California Commercial Code and "PUBLIC POLICY." The petition contained numerous citations of unclear import, including citations to the California Commercial Code, Internal Revenue Service forms, District of Columbia statutes and the Bible. Petitioner sought, among other things, an order requiring the Federal Bureau of Prisons to "release the Biological

property" (i.e., Petitioner himself) and to expunge "the Entire Record" in Petitioner's criminal case. The court denied this petition on January 3, 2019. The United States Court of Appeals for the Ninth Circuit dismissed Petitioner's ensuing appeal for failure to prosecute.

**PETITIONER'S CONTENTIONS**

The present Petition contains four somewhat overlapping grounds for relief:

**Ground One:**

The indictment allegedly violated the Constitution because the Constitution assertedly requires an amendment "to be able to give congress enumerated power to regulate and enforce drugs laws, [and] none exists."

**Ground Two:**

There is no constitutional amendment imposing a national prohibition against drugs classified as controlled substances. The prosecution failed to produce any constitutional amendment "as mandated by Article V of the Constitution"[2] to "enforce any drugs laws specifically for interstate commerce." The statutes cited in the indictment purportedly are unconstitutional, and the criminal court

---

[2] Article V of the Constitution concerns procedures for amending the Constitution.

assertedly did not have subject matter jurisdiction.

**Ground Three:**

The government allegedly violated due process by failing to "execute an extradition request from one of the states to the federal venue," as allegedly required by the Interstate Agreement on Detainers Act. Petitioner supposedly was domiciled in the "California Republic, not in any federal zone or enclave."

**Ground Four:**

The government allegedly was in contempt of the Constitution for failure to adhere to Article V of the Constitution "and follow its command to amend it to regulate drug laws." The government's decision not to proceed by constitutional amendment "is indicative of the government's contempt for constitutional governance."

## DISCUSSION

A federal prisoner who contends that his or her conviction or sentence is subject to collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A prisoner generally may not substitute a habeas petition under 28 U.S.C. section 2241 for a section 2255 motion. See 28 U.S.C. § 2255; see also Stephens v. Herrera, 464 F.3d 895, 897-99 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

>  An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Stephens v. Herrera, 464 F.3d at 897-99; Hernandez v. Campbell, 204 F.3d at 864.  Here, Petitioner has applied for, and has been denied, section 2255 relief in the sentencing court.

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under section 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d at 864-65; see also Stephens v. Herrera, 464 F.3d at 897.  This "savings clause" exception to section 2255 exclusivity is a "narrow" exception. Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997).  "The general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective." Stephens v. Herrera, 464 F.3d at 898 (citations, quotations and brackets omitted).  Mere lack of success in the sentencing court does not render the section 2255 remedy "inadequate or ineffective." Boyden v. United States, 463 F.2d 229, 230 (9th Cir. 1972), cert.

denied, 410 U.S. 912 (1973); see Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir.), cert. denied, 488 U.S. 982 (1988) ("the district court's previous denial of relief on the merits is not alone sufficient to show that the section 2255 remedy is inadequate"). If the rule were otherwise, every disappointed prisoner/movant incarcerated in a district different from the sentencing district could pursue a repetitive section 2241 petition in the district of incarceration. Petitioner bears the burden of proving the inadequacy or ineffectiveness of the section 2255 remedy. See Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963); Gasaway v. Jusino, 2021 WL 3042275, at *3 (C.D. Cal. June 1, 2021), adopted, 2021 WL 3037391 (C.D. Cal. July 16, 2021).

A federal prisoner may file a section 2241 petition under the savings clause only if the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012), cert. denied, 568 U.S. 1173 (2013) (citation and internal quotations omitted); see also Pavulak v. Blanckensee, 14 F.4th 895, 897 (9th Cir. 2021), cert. denied, 142 S. Ct. 1188 (2022).

In analyzing whether a petitioner had an "unobstructed procedural shot," the Court considers: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.), cert. denied, 555 U.S. 911 (2008) (internal quotations omitted).

In the present case, the "legal basis" for Petitioner's claims that Congress allegedly lacked the power to enact federal drug laws was available to Petitioner prior to the time of Petitioner's direct appeal and section 2255 motion. See U.S. Cont., Art. 1, § 8 (conferring on Congress the power to regulate interstate commerce and to make all laws "necessary and proper" to its enumerated powers); Gonzales v. Raich, 545 U.S. 1 (2005) (rejecting claim that Congress exceeded its power in enacting the federal Controlled Substances Act); United States v. Tisor, 96 F.3d 370, 375 (9th Cir. 1996), cert. denied, 519 U.S. 1140 (1997) ("the Controlled Substances Act does not exceed Congressional authority under the Commerce Clause"). Petitioner's apparent claim that Article V of the Constitution required a constitutional amendment to enact the federal drug statutes is manifestly misguided.[2] Even so, the "legal basis" for the claim existed at the time of the Petitioner's direct appeal and section 2255 motion.

The "legal basis" for Petitioner's claim that the court in his criminal case lacked jurisdiction also existed at the time of Petitioner's direct appeal and section 2255 motion. See U.S. Const. Art. III (the judicial power extends "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States . . ."); 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the

---

[2] Article V of the Constitution, which concerns procedures for amending the Constitution, has nothing to do with Congress' power to enact law, including criminal statutes. Article I of the Constitution concerns Congress' power to enact law.

8

States, of all offenses against the laws of the United States."). Petitioner's allegations resemble the frivolous "sovereign citizen"[3] type claims which for years have been asserted by individuals attempting to challenge federal courts' jurisdiction and/or the authority of the government to prosecute violations of federal law. See United States v. Gougher, 835 Fed. App'x 231, 233 (9th Cir. 2020) ("Sovereign citizens share a common belief that the court system is a vast governmental conspiracy controlled by complicated and enigmatic rules . . . . [and] that they are not subject to federal laws and proceedings.") (citations and quotations omitted); United States v. Taylor, 21 F.4th 94, 102 (3d Cir. 2021) ("sovereign citizens" arguments, including challenges to jurisdiction, deemed frivolous); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011), cert. denied, 565 U.S. 1132 (2012) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir.), cert. denied, 510 U.S. 881 (1993) (deeming without merit defendants' contention that, as citizens of the "Sovereign Kingdom of Hawaii," they were not subject to federal court's jurisdiction); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (argument that defendant is not subject to the jurisdiction of the federal courts "has no conceivable validity in American law"); Rubi v. Wrigley, 2008 WL 191030, at *1 n.1 (E.D. Cal.

---

[3] "Sovereign citizen claims are claims from individuals who, even though they physically reside in the United States, do not recognize the authority of the federal government and believe that they are not subject to the laws or jurisdiction of governmental entities." Woodruff v. Mason McDuffie Mortg. Corp., 2020 WL 5210920, at *4 (N. D. Cal. Sept. 1, 2020).

Jan. 22, 2008), adopted, 2008 WL 618950 (E.D. Cal. Mar. 6, 2008) (rejecting section 2241 petitioner's argument that, as a purported citizen of the "California Republic," petitioner supposedly was not subject to federal criminal prosecution); Marks v. Wrigley, 2007 WL 1463423, at *4 (E.D. Cal. May 18, 2007), adopted, 2007 WL 1660684 (E.D. Cal. June 7, 2007) (deeming frivolous section 2241 petitioner's argument that, as a supposed citizen of the "Sovereign State of California," petitioner purportedly was not subject to federal criminal prosecution); United States v. Rhoiney, 2002 WL 31987473, at *3 (D. Kan. Dec. 17, 2002) (rejecting as frivolous defendant's claim that the court lacked jurisdiction to prosecute him for narcotics offenses because he was a resident of the "sovereign" State of Kansas). Thus, the "legal basis" for Petitioner's "sovereign citizen" style claims arose before Petitioner exhausted his direct appeal and his first section 2255 motion. See id.; see also Skinner v. United States Dep't of Justice, 2018 WL 7893014, at *8 (C.D. Cal. Dec. 26, 2018), adopted, 2019 WL 1437588 (C.D. Cal. Mar. 29, 2019) (where there was "nothing new" about petitioner's "sovereign citizen" style claims regarding the federal court's alleged lack of jurisdiction, petitioner failed to show he lacked an "unobstructed procedural shot" at presenting his claims).

Furthermore, as the authorities cited above demonstrate, there has been no material change in the law following the sentencing court's denial of Petitioner's first section 2255 motion.
///
///
Nor has Petitioner shown the requisite "actual innocence" within

the meaning of the savings clause.  "[T]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, 623 (1998) (citation and quotations omitted).  "'Actual innocence' means factual innocence, not mere legal insufficiency."  Marrero v. Ives, 682 F.3d at 1193 (quoting Bousley v. United States, 523 U.S. at 623) (internal brackets omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him."  Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).  Here, although Petitioner alleges in a conclusory fashion that he is "an actually and factually innocent man," Petitioner makes no effort to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  See Bousley v. United States, 523 U.S. at 623. An individual's mere assertion of "actual innocence," without the introduction of "evidence tending to show that he did not commit the [acts] underlying his convictions," is insufficient to show "actual innocence."  See Marrero v. Ives, 682 F.3d at 1192; see also Schlup v. Delo, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.") (emphasis added).

Accordingly, the savings clause does not apply, and the present Petition is actually a disguised section 2255 motion over which this Court lacks jurisdiction.

A court lacking jurisdiction of a civil action may transfer the action to a court in which the action could have been brought, provided the transfer is "in the interest of justice." 28 U.S.C. § 1631; see Cruz-Aquilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." Id. at 1074 (citations and quotations omitted). In the present case, however, a transfer to the sentencing court would be an idle act. Transfer to the sentencing court would not benefit Petitioner because the sentencing court would be unable to entertain the matter absent Ninth Circuit authorization. See 28 U.S.C. §§ 2244, 2255(h); Copeland v. Martinez, 2020 WL 2097745, at *3 (C.D. Cal. Apr. 30, 2020) (transfer of successive section 2255 motion to sentencing court would be futile where petitioner had not obtained authorization to file motion from the court of appeals); Crosby v. Ives, 2014 WL 6884017 (C.D. Cal. Dec. 3, 2014) (same); Scott v. Ives, 2009 WL 2051432 (E.D. Cal. July 10, 2009) (same). Petitioner evidently has not obtained such authorization. The Ninth Circuit's docket, of which the Court takes judicial notice,[4] does not reflect that any person named Tony Lomeli or Tony Lomeli Ceja ever has obtained authorization to file a second or successive section 2255

---

[4] See Porter v. Ollison, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010). The Ninth Circuit's docket is available on the PACER website at https://pacer.uscourts.gov.

motion. See 28 U.S.C. §§ 2244, 2255(h). Therefore, transfer is inappropriate.

**ORDER**

For the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 3, 2022.

_____
FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE

Presented this 2nd day of
May, 2022, by:

         /S/         
      CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE